```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


FRANK LEE BACK,                    :

      Petitioner,                  :

v.                                 :       CIVIL ACTION 05-0711-WS-M

JERRY FERRELL,                     :

      Respondent.                  :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Frank Lee Back on all claims.

Petitioner was convicted of rape first degree in the Circuit Court of Mobile County on June 5, 1987 for which he received a sentence of life in the state penitentiary (Doc. 1, pp. 2-3). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 1, p. 3); the Alabama Supreme Court denied *certiorari* (Doc. 1, p. 4).  Petitioner filed

a complaint with this Court on December 12, 2005, raising the following claims:  (1) He was denied DNA testing; (2) he is actually innocent of the crime for which he was convicted (Doc. 1).

Respondent has argued that this action should be dismissed because this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as Back has previously filed two federal habeas petitions (Doc. 9, p. 5).  The statute to which Respondent refers states the following:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The Court first notes that Petitioner failed to complete the section of his habeas petition which enquired as to whether he had previously filed another habeas petition on this same conviction (Doc. 1, p. 10, ¶ 14).  Court records, however, indicate that Petitioner did, in fact, file a petition with this Court which was denied and dismissed on April 16, 1996 by U.S. District Court Judge Alex T. Howard, Jr.  *Beck v. Holt*, Civil Action 93-0043-AH-C (S.D. Ala. April 16, 1996).  Petitioner filed a second petition which was dismissed with prejudice, as he had failed to apply to the Eleventh Circuit Court of Appeals for permission to file this action, by U.S. Senior District Judge W.

2

B. Hand.  *Beck v. Ferrell*, Civil Action 02-0673-BH-C (S.D. Ala. March 13, 2003).

Because Petitioner filed his third habeas petition here, though he should have first sought authorization with the Eleventh Circuit Court of Appeals, this Court is without jurisdiction to rule on it.  It is of no moment that Plaintiff raises a claim of actual innocence (Docs. 1, 8, 9).  While a claim of actual innocence may afford Back an opportunity to bypass a *procedural* bar, *see Schlup v. Delo*, 513 U.S. 298, 324 (1995), it does not do so for a *jurisdictional* bar.

Therefore, it is recommended that this habeas petition be dismissed as this Court does not have jurisdiction to review it.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time

>is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 30th day of March, 2006.

                                                  s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE