**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **FRANK LEE BACK,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 05-0711-WS-M** |
| ) | |
| **JERRY FERRELL,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on petitioner Frank Lee Back's Motion for Certificate of Appealability ("COA"), which is construed from his Notice of Appeal (doc. 15).

On April 7, 2006, the Court entered an Order (doc. 13) dismissing for want of jurisdiction Back's Petition for Writ of Habeas Corpus by a Person in State Custody (doc. 1) pursuant to 28 U.S.C. § 2254.  Petitioner argued that he was entitled to federal habeas relief from his 1987 conviction and life sentence of imprisonment in the Circuit Court of Mobile, Alabama on charges of rape, first degree, on the following grounds: (a) denial of DNA testing, in violation of his Fourteenth Amendment rights; and (b) actual innocence of the offense of conviction.  Back indicated that he previously raised these issues to Alabama state courts on direct appeal as well as on as many as a half-dozen state petitions under Rule 20 and/or Rule 32.  The § 2254 Petition improperly omitted reference to previous federal habeas proceedings, as Back simply placed a large "X" over the portion of the form petition inquiring as to any federal habeas history herein.

In dismissing Back's § 2254 Petition, the undersigned adopted a Report and Recommendation (doc. 11) entered by Magistrate Judge Milling on March 30, 2006.  That Report pointed out that Back had previously filed two § 2254 petitions in this District Court collaterally attacking the very 1987 conviction and sentence that are the subject of the instant action.  *See Back v. Holt*, Civil Action 93-0043-AH-C, and *Back v. Ferrell*, Civil Action 02-0673-BH-C.  Both petitions were denied.  Magistrate Judge Milling recommended, and this Court found, that the instant § 2254 Petition is Back's third petition seeking federal habeas

corpus relief from the same underlying conviction and sentence, and that Back failed to seek authorization from the Eleventh Circuit Court of Appeals before filing this successive § 2254 Petition. The Court concluded that dismissal of Back's current § 2254 Petition was therefore required under 28 U.S.C. § 2244(b)(3)(A), which provides as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* The law of this Circuit is quite clear that a federal district court is without jurisdiction to consider a second or successive habeas petition that has been filed without appropriate authorization from the Eleventh Circuit. *See Hill v. Crosby*, 437 F.3d 1084, 1085 (11th Cir. 2006) (opining "that the district court lacked jurisdiction to consider appellant's claim because it is the functional equivalent of a successive habeas petition and he failed to obtain leave of this court to file it"); *Fugate v. Department of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002) (similar). In light of Back's uncontroverted failure to adhere to the statutory prerequisites for filing a second or successive § 2254 Petition, the undersigned dismissed his petition for lack of jurisdiction.

On May 1, 2006, Back filed a Notice of Appeal (doc. 15). His appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." *Id.* Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a habeas corpus proceeding for relief from detention originating in state court process. *See, e.g., Medberry v. Crosby*,  351 F.3d 1049, 1063 (11th Cir. 2003). "The certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination." *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004). A COA is required for an appeal by a state court prisoner in any action brought under either 28 U.S.C. § 2241 or § 2254, inasmuch as the detention complained of arises out of process issued by a state court regardless of which statute is invoked. *See Medberry*, 351 F.3d at 1063 & n.9; *see also Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241

must obtain a COA to appeal.").

Although petitioner did not file a separate request for COA, the Eleventh Circuit has explained that "[d]istrict courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs." *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997); *see also United States v. Youngblood*, 116 F.3d 1113, 114-15 (5th Cir. 1997). For that reason, the Court will construe Back's Notice of Appeal as including an implicit request for issuance of a COA.

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253. *Hardwick,* 126 F.3d at 1313. In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted). More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard).

Where a district court denies a habeas petition on procedural grounds distinct from the merits of the underlying claims, "a COA should issue only if the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lawrence v. Florida*, 421 F.3d 1221, 1225 (11th Cir. 2005) (citation omitted).  In that instance, both showings must be made before the appeal may be entertained.  *See id.*; *see also Gonzalez*, 366 F.3d at 1267 (where habeas petitioner appeals from procedural ruling, a COA may issue only if the petitioner makes a substantial showing that the procedural ruling was wrong and also makes a substantial showing that he had a valid claim of denial of a constitutional right).

In this action, the following facts are uncontroverted: (a) Back has previously filed not one, but two federal habeas petitions seeking to overturn his conviction and sentence in this matter; and (b) Back has neither requested nor received permission from the Eleventh Circuit to file a successive § 2254 Petition in this District Court.  Under these circumstances, § 2244(b)(3) poses an absolute bar to this Court's ability to hear Back's current petition, and mandates its dismissal.  Back has made no substantial legal or factual showing to the contrary.  Accordingly, this Court concludes that jurists of reason would not find it debatable whether the procedural ruling dismissing the § 2254 Petition is correct.  The Motion for Certificate of Appealability construed from Back's Notice of Appeal (doc. 15) is **denied**.

DONE and ORDERED this 31st day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE